Case 3:15-cr-00005-RLY-CMM    Document 596    Filed 01/13/25    Page 1 of 5 PageID #: 3568

AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)    Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the
Southern District of Indiana

United States of America
v.
Robert Robertson, Jr.

Case No: 3:15-cr-5-7
USM No: 11765-028

Date of Original Judgment: 02/09/2017
Date of Previous Amended Judgment: N/A
*(Use Date of Last Amended Judgment if Any)*

Pro se
*Defendant's Attorney*

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☒ DENIED.   ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated 02/09/2017 shall remain in effect.
**IT IS SO ORDERED**.

Order Date: 01/13/2025

*Judge's signature*

Effective Date: _____
*(if different from order date)*

RICHARD L. YOUNG, Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:15-cr-00005-RLY-CMM |
| ROBERT ROBERTSON, JR., | ) -07 |
| Defendant. | ) ) |

**ENTRY DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION**

Defendant Robert Robertson, Jr., moves to reduce his 180-month sentence under 18 U.S.C. § 3582, U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10, and Amendment 821 to the Sentencing Guidelines. (Filing No. 592). He also supplemented his motion. (Filing No. 593). For the reasons set forth below, the court **DENIES** Robertson's motion.

**I.    Background**

Robertson pleaded guilty to conspiracy to possess with the intent to distribute and to distribute 500 grams or more of a substance containing methamphetamine. (Filing No. 309, Judgment). Robertson was assessed an offense level of 33. (Filing No. 287, Presentence Investigation Report ¶ 25). His criminal history score was 16. (*Id.* ¶ 42). He did not receive any status points for committing the offense while under a criminal justice sentence. (*See id.*). His criminal history score of 16 placed him in criminal history category VI. (*Id.*). The resulting guidelines range was 235 months to 293

1

months. (*Id.* ¶ 83). The court ultimately sentenced Robertson to 180 months' imprisonment. (Judgment).

## II.     Legal Standard

The court may modify an imposed sentence of imprisonment under 18 U.S.C. § 3582(c)(2) to reflect changes in the Sentencing Guidelines where authorized by policy statements from the Sentencing Commission. The policy statement at U.S.S.G. § 1B1.10 provides that the court "may reduce" a defendant's sentence to reflect certain amendments to the Sentencing Guidelines. If a sentence reduction is consistent with U.S.S.G. § 1B1.10, the court considers the 18 U.S.C. § 3553(a) statutory factors in deciding whether and how to reduce a sentence. *Dillon v. United States*, 560 U.S. 817, 826–28 (2010); 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10, cmt. n.1(B).

## III.    Discussion

Robertson requests that the court reduce his sentence pursuant to Amendment 821, Part A.

Part A of Amendment 821 reduces the number of status points assessed to a defendant who committed the offense while under a criminal justice sentence from two points to either one point, if the defendant received seven or more criminal history points, or zero points, if the defendant received six or fewer criminal history points. U.S.S.G. § 4A1.1(e). However, Robertson received no status points. (*See* Presentence Investigation Report ¶ 42). As such, Part A does not reduce his criminal history points or the resulting guidelines range. Robertson is therefore not eligible for a sentence reduction under Part A. *See* U.S.S.G. § 1B1.10(a)(2)(B) (stating a sentence reduction is

not authorized where "[a]n amendment . . . does not have the effect of lowering the defendant's applicable guidelines range").

Robertson also contends that he "received history points for offenses that [he] never served prison time for." (Filing No. 593, Supplement). Section 3582(c)(2) "does not authorize a [full] resentencing" and only "permits a sentence reduction within the narrow bounds established by the [Sentencing] Commission." *Dillon*, 560 U.S. at 831. In determining whether a sentence reduction is appropriate under § 3582(c)(2), the court considers whether an amendment, such as Amendment 821, affects the defendant's applicable guidelines range, without changing *any* other guidelines calculation made at the time of sentencing. U.S.S.G. § 1B1.10(b)(1) (requiring the court to consider only the impact of certain amendments on the defendant's guidelines range and to "leave all other guideline application decisions unaffected"). The court cannot correct potential errors in the calculation of a defendant's criminal history points on a § 3582(c)(2) motion. *See id.*; *Dillon*, 560 U.S. at 831 (explaining that correcting sentencing mistakes unrelated to a guidelines amendment is "outside the scope of . . . § 3582(c)(2)"); *cf. United States v. Martin*, 21 F.4th 944, 946 (7th Cir. 2021) (explaining "potential sentencing errors" should be challenged "through the direct appeal process or collaterally through a 28 U.S.C. § 2255 motion," rather than a motion for compassionate release).

Because a sentence reduction is not allowed under the circumstances, the court does not reach the 18 U.S.C. § 3553(a) factors. Robertson's 180-month term of imprisonment remains as imposed at sentencing.

3

### IV.   Conclusion

Robertson's Motion for Sentence Reduction (Filing No. 592) is **DENIED**.

**IT IS SO ORDERED** this 13th day of January 2025.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

Robert A. Robertson, Jr.
Reg. No. 11765-028
USP McCreary
P.O. Box 3000
Pine Knot, Kentucky 42635